IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAVIER CORTEZ, | ) | Nos.   C 09-2080 JSW (PR) |
| Petitioner, | ) | C 09-4549 JSW (PR) |
| | ) | |
| vs. | ) | **ORDER DENYING PETITIONS FOR WRIT OF HABEAS CORPUS AND CERTIFICATES OF APPEALABILITY; DENYING PENDING MOTIONS** |
| A. P. KANE, Warden, | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |
| JAVIER CORTEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| A. P. KANE, Warden, | ) | (Docket Nos. 9, 10 & 12) |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**INTRODUCTION**

Petitioner, a California prisoner proceeding pro se, filed these petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitions challenge decisions by the Board of Parole Hearings ("Board") to deny him parole in 2006 and 2008, respectively. For the reasons set out below, the petitions are denied.

**BACKGROUND**

According to the petitions, Petitioner was convicted of first degree murder with an enhancement for the use of a firearm in San Fernando Superior Court in 1986, and was

sentenced to an indeterminate term of twenty-seven years-to-life.  The Board found Petitioner unsuitable for parole at parole hearings in 2006 and 2008.[1]  Petitioner challenged these decisions unsuccessfully in all three levels of the California courts, and thereafter filed the instant petitions for a writ of habeas corpus.

**DISCUSSION**

In his petitions, Petitioner claims that the denial of parole violates his right to due process because it was not supported by sufficient evidence of his current dangerousness if released, and that it violates the Immigration and Naturalization Act ("INA").

A.    Sufficiency of Evidence

As noted, Petitioner claims that the denial of parole violated his right to due process because there was not sufficient evidence of his current dangerousness.  The United States Supreme Court has recently held that a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination.  *Swarthout v Cooke*, No 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011). Specifically, the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at 4-5.  The parole hearing transcripts make it clear that in connection with both parole decisions, Petitioner received both the opportunity to be heard and a statement of the reasons parole was denied.  The Constitution does not require more.  *Id.* at 5.  The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement."  *Id.*  It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."  *Id.* at 6.  In light of the Supreme

---

[1]At a subsequent parole hearing in 2009, the Board found Petitioner suitable for parole. That decision was reversed by the Governor of California in 2010, and Petitioner remains incarcerated.

2

Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's claims challenging the sufficiency of such evidence do not present a valid basis for federal habeas relief.

B.      INA

Petitioner also claims that the Board's denial of parole violates INA. A hold has been placed on Petitioner pursuant to which deportation proceedings will be initiated under the INA upon his release from prison. Petitioner claims that by denying parole, the BPT has extended his incarceration "beyond the statutorily required term," and thereby delayed his deportation. The Court denied this claim in a previous petition filed by Petitioner:

> Petitioner does not cite identify any statute requiring the BPT to have released from prison at the 2004 hearing. California's sentencing statutes certainly did not so require: at the time, Petitioner had served approximately 18 years of a sentence authorizing his incarceration for a term of 27 years to life. Petitioner cites no provision of the INA or other federal statue, and this Court is not aware of any, requiring that California's parole board release him or any other inmate at any particular juncture, or simply because the inmate is potentially eligible for parole.

*Cortez v. Kane*, No. C 05-2478 JSW (PR), slip op. at 9-10 (N.D. Cal., May 19, 2008).

For the same reasons, the claim fails here. Petitioner argues that the "statutory maximum" of his sentence expired in 2002, and he should have been released to the immigration authorities at that time for deportation. His sentence's "statutory maximum" is life in prison, not the earliest date upon which he is eligible for parole, as Petitioner seems to argue. At the time of his 2006 and 2008 parole hearings, he had served approximately 20 and 22 years of a sentence of 27 years-to-life. Although state law made him eligible for release on parole at the time of the hearings, Petitioner cites no state or federal statute, and this Court is aware of none, requiring the Board to release him at those hearings, or indeed at any time, simply because he is eligible for parole. Moreover, for the reasons discussed above, due process also does not require releasing him on parole. Accordingly, federal habeas relief is not available on this claim.

3

**CONCLUSION**

For the foregoing reasons, the petitions for a writ of habeas corpus are DENIED. The motion for leave to file a motion for reconsideration in case number 09-2080 JSW (PR), and the motions to dismiss and for an extension of time in case number 09-4549 JSW (PR) are DENIED as moot in light of the denial of the petitions on their merits.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in these cases.

This order terminates docket number 12 in case number 09-2080 JSW (PR) and docket numbers 9 & 10 in case number 09-4549 JSW (PR).

The Clerk shall enter judgment and close the files.

IT IS SO ORDERED.

DATED:  March 24, 2011

_____
JEFFREY S. WHITE
United States District Judge

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6

JAVIER CORTEZ,

Case Number: CV09-02080 JSW

7

Plaintiff,

**CERTIFICATE OF SERVICE**

v.

8

A P KANE et al,

9

Defendant.

10

_____/

11

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District

12

Court, Northern District of California.

13

That on March 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said

copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing

14

said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

receptacle located in the Clerk's office.

15

16

Javier Cortez
P.O. Box 689

17

D44595
G/W # 246-L

18

Soledad, CA 93960-0689

19

Dated: March 24, 2011

20

Richard W. Wieking, Clerk

By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAVIER CORTEZ,

          Plaintiff,

  v.

A P KANE et al,

          Defendant.

_____/

Case Number: CV09-04549 JSW

**CERTIFICATE OF SERVICE**

11

12

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13

14

15

That on March 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

16

17

18

19

Javier Cortez
# D44595
P.O. Box 689
Soledad, CA 93960-0689

20

21

22

Dated: March 24, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

23

24

25

26

27

28